■ In the Matter of ERIC H. WITLIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [868 NYS2d 560]—

Per Curiam.

By order dated July 12, 2007, the Superior Court of Connecticut placed respondent on interim suspension until further order of that court, pursuant to section 2-42 of the Connecticut General Statutes Annotated, Practice Book, which authorizes such a suspension if the court finds that the lawyer poses a substantial threat of irreparable harm to his or her clients. In May of that year, respondent had committed a series of apparently irrational acts which led to serious charges of criminal conduct. In May 2008, the Superior Court of Connecticut found respondent not guilty of the pending criminal charges by reason of mental disease or defect. In July 2008, respondent was committed to the Whiting Forensic Institute in Connecticut for psychiatric evaluation and treatment for a term of up to 20 years.

Petitioner moves for an order suspending respondent indefinitely upon the ground that he is incapacitated by reason of mental illness or other mental irresponsibility (*see* 22 NYCRR 806.10 [a]) or, in the alternative, for an order imposing recipro-

cal discipline (*see* 22 NYCRR 806.19). Respondent's attorney opposes the motion.

Because we find satisfactory evidence that respondent is incapacitated from continuing to practice law by reason of mental illness or other mental irresponsibility, we grant that portion of petitioner's motion seeking to suspend respondent indefinitely upon such ground.

Cardona, P.J., Rose, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that petitioner's motion is granted to the extent that it requests relief pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) § 806.10 (a); and it is further ordered that petitioner is suspended from the practice of law indefinitely and until further order of this Court, effective immediately; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).